UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-05963 MWC (BFMx)                                   Date: May 9, 2025

Title  Michael Grecco Productions, Inc. v. Fandom, Inc.

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | No Reporter |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: N/A         Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) Order GRANTING Defendant's motion for summary judgment (Dkt. # 41) JS-6**

    Before the Court is a motion for summary judgment filed by Defendant Fandom, Inc. ("Fandom"). Dkt. # 41 ("*Mot.*"). Plaintiff Michael Grecco Productions, Inc. ("MGPI") opposed, Dkt. # 63 ("*Opp.*"), and Fandom replied, Dkt. # 72 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court **GRANTS** Fandom's motion for summary judgment.

I.    <u>Background</u>

    Fandom is the world's largest fan-driven entertainment and gaming platform. Dkt. # 79 ("*UF*"), ¶ 1. Fandom users submit and share information about games, television shows, movies, pop culture, and more on Fandom's individual websites on the platform, which are called "wikis." *Id.* ¶ 2. Using the wikis, Fandom users can create, edit, and collaborate on content. *Id.* Much of the content on Fandom's platform is user-generated, meaning that it is uploaded to the platform by, and stored on the platform in the direction of, users. *Id.* ¶ 3.

    In this lawsuit, MGPI asserts that Fandom is liable for copyright infringement due to 28 images uploaded to the Fandom platform (the "Asserted Images"). *Opp.* 25:23–28. MGPI owns the Asserted Images in this action, each of which was registered to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05963 MWC (BFMx)                                         Date: May 9, 2025

Title   Michael Grecco Productions, Inc. v. Fandom, Inc.

United States Copyright Office.  Dkt. # 78 ("*DF*"), ¶ 45.  It is undisputed that the Asserted Images were uploaded to Fandom by users of the Fandom platform.  UF ¶ 4.

Between November 2023 and April 2024, MGPI sent thirty emails to Fandom's designated agent for receiving copyright infringement complaints, copyright@wikia.com, with notifications of claimed infringement for the Asserted Images (the "Takedown Requests").  *Id.* ¶ 8 (noting that the Takedown Requests had the subject line: "Copyright Infringement Notice").  In response to each of the Takedown Requests, MGPI received an automated response ("Automated Response").  *Id.* ¶ 9; *see, e.g.*, Dkt. # 67 ("*Grecco Decl.*"), ¶ 2, Ex. 1, 14 ("*Auto Response*").  The Automated Response had an email subject line of "Fandom welcome email" and stated:

> Welcome to Fandom Support!  To help assist you, please click the link below to create a password and sign-in.
>
> Note that this account is separate to your Fandom account, and we may not be able to assist you until you click this link to verify the request.

*UF* ¶ 9; *Auto Response*.  The bottom of the email provided the link necessary to verify the request.  *UF* ¶ 9; *Auto Response*.

Fandom's general counsel, Desmond Cussen ("Mr. Cussen"), described this verification system in a declaration, stating that, "[a] person submitting a takedown notice to Fandom by email or webform only has to click the link in the automated response they receive to verify and complete submission." Dkt. # 43 ("*Cussen Decl.*"), ¶ 21.  If an electronic submission is not verified by the sender, it will instead "go into a suspension queue" (akin to a spam folder), where the submission will remain for fourteen days before being automatically deleted.  *Id.*; *UF* ¶ 15.  Fandom originally implemented the verification system in July 2023 after experiencing serious problems with high-volume spam attacks on its various support email addresses.  *UF* ¶ 10; Dkt. # 66-3 ("*Bartolomei Depo.*"), 167:3–168:11; Dkt. # 74 ("*Marbulcanti Reply Decl.*"), ¶ 5.[1]

---

[1] MGPI disputes whether the spam was primarily going to the copyright-related support email address or to a different, more general, support email address.  *UD* ¶ 10.  MGPI, however, does not sufficiently explain why that distinction is relevant or why that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05963 MWC (BFMx)                                   Date: May 9, 2025

Title     Michael Grecco Productions, Inc. v. Fandom, Inc.

     As to the Takedown Requests in this case and the Automated Responses that followed, MGPI states that it did not click on any of the verification links in the Automated Responses because it "objected to registering for an account, creating a password or attempting to signin to Fandom as a user over concern of being bound by Fandom's Terms of Use." *DF* ¶ 62; *Grecco Decl.* ¶ 11. Fandom therefore never reviewed the Takedown Requests as the emails were routed to the "suspension queue," which Fandom does not have a practice of reviewing. *DF* ¶¶ 80–81; *UF* ¶ 15. The Takedown Requests remained in the suspension queue before being automatically deleted within 14 days. *UF* ¶ 15.

     On May 18, 2024, MGPI's CEO, Michael Grecco ("Mr. Grecco"), emailed Mr. Cussen (Fandom's general counsel) about the Takedown Requests regarding the Asserted Images. *Id.* ¶ 17; *DF* ¶ 49. Prior to that May 18, 2024 email, there is no evidence that anyone at Fandom reviewed, or otherwise knew about, the Takedown Requests. *See UF* ¶ 18. In his declaration, Mr. Cussen (who oversaw legal matters, including Fandom's copyright policies since 2015) states: "Before receiving Mr. Grecco's email, I was not aware of any claim made by Mr. Grecco relating to infringement of the Asserted Images on the Fandom platform. After conducting a thorough investigation, I am also not aware of anyone else at Fandom being aware of Mr. Grecco's infringement claims for the Asserted Images before I received his May 18, 2024 email." *Cussen Decl.* ¶¶ 2, 37. In addition, Mr. Cussen notes that he "remain[s] surprised that Mr. Grecco never mentioned these [Takedown Requests] to me in early 2024 because we had previously resolved such issues . . . . we were also in direct and frequent contact during this same time frame, in early 2024." *Id.* ¶ 37. After receiving the May 18, 2024 email, Mr. Cussen responded to Mr. Grecco the following business day (Monday, May 20, 2024) and informed Mr. Grecco that the Fandom "team has no record of receiving [the Takedown Requests]" and that the Asserted Images, which "were uploaded by end user," have since "been removed in response to your email." *Cussen Decl.*, Ex. 21.

     On July 16, 2024, MGPI filed this copyright infringement lawsuit. Dkt. # 1. MGPI has since dismissed its direct copyright infringement and vicarious copyright

---

distinction might contradict Fandom's assertion that it implemented the verification system due to significant spam attacks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-05963 MWC (BFMx) | Date: May 9, 2025 |
| Title Michael Grecco Productions, Inc. v. Fandom, Inc. | |

infringement claims. Dkts. # 39–40. Only a contributory copyright infringement claim remains. *Id.* On March 28, 2025, Fandom filed this motion for summary judgment. *Mot.*

II. Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Federal Rule of Civil Procedure 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III. Evidentiary Objections

As a preliminary matter, the parties assert evidentiary objections. *See* Dkts. # 65, 77, 80. To the extent the Court relies on objected-to evidence, it relies only on admissible evidence and, therefore, the objections are overruled. *See Godinez v. Alta-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-05963 MWC (BFMx) | Date: May 9, 2025 |
| Title   Michael Grecco Productions, Inc. v. Fandom, Inc. | |

*Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).

IV.   Discussion

In this motion for summary judgment, Fandom argues that MGPI's contributory infringement claim fails because Fandom had no knowledge of any specific infringement. *Mot.* 11:3–14:24.  Fandom argues that, if anything, "[i]t [was] MGPI, not Fandom, that took deliberate actions to frustrate the takedown of its images" by not verifying its messages and by not emailing Mr. Cussen "who had repeatedly worked with MGPI in the past to resolve infringement claims." *Reply* 8:8–17.  Fandom asserts that it did not materially contribute to infringement of the Asserted Images. *Mot.* 14:3–24.  Fandom further asserts that even if MGPI could make a prima facie case for contributory copyright infringement, the Court should grant summary judgment because Fandom qualifies for safe harbor under the Digital Millennium Copyright Act ("DMCA"). *Id.* 14:25–21:24.

In response, MGPI contends that Fandom is liable for contributory infringement because Fandom's acknowledgement system supports knowledge of specific infringement of the Asserted Images and because Fandom's inaction toward the Asserted Images constitutes material contribution. *Opp.* 13:19–17:14.  MGPI disputes that Fandom falls under the DMCA safe harbor and that, at the least, the jury should decide. *Id.* 17:15–25:21.

In a copyright infringement case, "[c]ontributory liability requires that a party '(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement.'" *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (quoting *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007)).  The Ninth Circuit has determined that "[w]illful blindness of specific facts [can] establish knowledge for contributory liability." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013) (citing *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003)).  "In order to allege willful blindness, [plaintiffs] must allege that the [defendant] (1) subjectively believed that infringement was likely occurring on their networks and that they (2) took deliberate actions to avoid learning about the infringement." *Id.* (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-05963 MWC (BFMx) | Date: May 9, 2025 |
| Title Michael Grecco Productions, Inc. v. Fandom, Inc. | |

Here, there is no evidence that Fandom had actual knowledge of infringement of the Asserted Images prior to Mr. Grecco's May 18, 2024 email to Mr. Cussen.  *See UF* ¶ 18 (MGPI acknowledges that "no one checked the suspension queue where the notices were stored").  In fact, there is evidence that no one at Fandom reviewed MGPI's Takedown Requests, and therefore there is evidence that Fandom did not possess actual knowledge regarding infringement of the Asserted Images.  *See Cussen Decl.* ¶ 37; *UF* ¶ 15; *DF* ¶¶ 80–81; Dkt. # 44, ¶¶ 1–2, 16–17 ("To the best of my knowledge [as a Senior Customer Support Specialist for Fandom], Fandom did not receive any of [MGPI]'s notices for the Asserted images in its support inbox . . . . To my knowledge, neither I or anyone on my customer support team had seen any of the notices . . . .").

MGPI argues that it still meets the "requisite knowledge of specific infringement." *Opp.* 14:17–16:27.  Specifically, MGPI asserts that "Fandom . . . configured its [] platform to suspend and automatically delete [DMCA] notices when submitted by unregistered users—ensuring that no review would occur unless the user followed an opaque, multi-step registration and verification process.  This system effectively interfered with Fandom's receipt of infringement notices . . . . A reasonable jury could conclude that Fandom's conduct fits squarely within [the willful blindness] definition." *Opp.* 15:8–18.  MGPI similarly avers that although "Fandom's destruction of the [Takedown Requests] directly impairs [MGPI]'s ability to prove knowledge with direct evidence . . . the record—including the Notices, Fandom's own automated replies, its Zendesk log—supports the inference that the Notices satisfied the DMCA's requirements and triggered Fandom's obligation to act." *Id.* 16:22–27.

The Court finds that MGPI does not meet the requisite knowledge standard.  There is no evidence that Fandom's verification system was a deliberate attempt to avoid acquiring knowledge about copyright infringement.  *See Luvdarts*, 710 F.3d at 1073 (determining plaintiff fell "far short" of alleging willful blindness because "[plaintiff] does not allege that the [defendants] took active steps to avoid acquiring knowledge").  In fact, the evidence shows that Fandom implemented its verification system due to significant spam attacks.  *See DF* ¶ 10.  MGPI quibbles that "Fandom implemented a new [] spam filter in July of 2023 because the primary source of spam was the Fandom webform—not Fandom's designated agent email address." *See id.*  Regardless of which of Fandom's email addresses suffered most from the spam attacks, Fandom implemented the verification system due to spam attacks, not as a "deliberate action[] to avoid learning

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-05963 MWC (BFMx) | Date: May 9, 2025 |
| Title    Michael Grecco Productions, Inc. v. Fandom, Inc. | |

about the infringement." *See Luvdarts*, 710 F.3d at 1073.  Fandom may have been blind to the Takedown Requests, but there is no evidence that Fandom was willfully blind.

Because MGPI has failed to establish that Fandom had the necessary knowledge of infringement, it cannot prevail on its claim for contributory copyright infringement.  The Court need not reach the other elements of contributory copyright infringement, nor must the Court determine whether Fandom qualifies for safe harbor under the DMCA.

V.    Conclusion

For the foregoing reasons, the Court **GRANTS** Fandom's motion for summary judgment.  This order closes the case.

**IT IS SO ORDERED.**

                                                                                                   :
                                                              **Initials of Preparer**    TJ