JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
Fandom, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FANDOM, INC. and DOES 1-100, inclusive, <br><br> Defendant. | Case No: 2:24-cv-05963-MWC-BFM <br><br> **DEFENDANT FANDOM, INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Date: July 11, 2025 <br> Time: 1:30 pm <br> Courtroom: 6A <br><br> Complaint Filed: July 16, 2024 |

**TABLE OF CONTENTS**

Page

I. FANDOM SHOULD BE AWARDED ITS FEES AND COSTS ................1
   A. Fandom Completely Succeeded on the Merits......................1
   B. MGPI's Positions Were Objectively Unreasonable and Frivolous.....................................................................................4
   C. MGPI's Improper Motive Warrants a Fee Award ...............6
   D. A Fee Award Will Deter MGPI, Not Chill Legitimate Enforcement Efforts ...............................................................7
II. THE FEES AND COSTS FANDOM SEEKS ARE REASONABLE..........8
   A. Fandom Amply Supported its Fee Request..........................8
   B. The Court Should Reject Defendants' Second-Guessing of the Strategy, Staffing, and Judgment of Fandom's Attorneys..................9
   C. Fandom's Time Entries are Sufficiently Detailed.............11
   D. Fandom's Time Spent on the Case Was Otherwise Reasonable ......11
   E. Fandom's Request for Costs is Reasonable and Supported..............12
III. ADDITIONAL FEES SINCE FILING OF FEES MOTION......................12

**TABLE OF AUTHORITIES**

Page

**CASES**

*Baldy v. MGA Ent., Inc.*,
　No. 5:21-CV-01938-SSS-KKX, 2023 WL 12047204 (C.D. Cal. Dec. 18, 2023) .................................................................................................... 2

*Cablevision Sys. N.Y.C. Corp. v. Diaz*,
　01 Civ. 4340 (GEL)(FM), 2002 WL 31045855 (S.D.N.Y. July 10, 2002) ............................................................................................................ 9

*DuckHole Inc. v. NBCUniversal Media LLC*,
　No. CV-12-10077-BRO, 2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) ...... 2

*Fantasy, Inc. v. Fogerty* ("*Fogerty II*"),
　94 F.3d 553 (9th Cir. 1996) ............................................................... 2, 4, 7

*Fischer v. SJB-P.D. Inc.*,
　214 F.3d 1115 (9th Cir. 2000) .................................................................. 11

*Garcia v. Resurgent Cap. Servs., L.P.*,
　No. 11-CV-01253, 2012 WL 3778852 (N.D. Cal. Aug. 30, 2012) ............. 11

*Hensley v. Echhart*,
　461 U.S. 424 (1983) .................................................................................. 11

*Johnson v. Kay*,
　742 F. Supp. 822 (S.D.N.Y 1990) .............................................................. 9

*Johnson v. Storix, Inc.*,
　716 Fed. Appx. 628 (9th Cir. 2017) ........................................................... 4

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
　No. 24-CV-03089-PHK, 2025 WL 917110 (N.D.Cal. Mar. 25, 2025) ...... 10

*Luvdarts, LLC v. AT&T Mobility, LLC*,
　710 F.3d 1068 (9th Cir. 2013)) ............................................................. 2, 3

*Lytle v. Carl*,
　382 F.3d 978 (9th Cir. 2004) ..................................................................... 8

*Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*,
　No. 21-CV-06536-EMC, 2024 WL 3697030 (N.D. Cal. Aug. 6, 2024) . 9, 11

*Moreno v. City of Sacramento*,
　534 F.3d 1106 (9th Cir. 2008). ............................................................. 9, 10

*Parkridge Ltd. v. Indyzen, Inc.*,
　No. 16-CV-07387, 2020 WL 9422351 (N.D. Cal. May 8, 2020) .............. 11

*Perfect 10, Inc. v. Giganews, Inc.*,
　　No. CV 11-07098-AB SHX, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (*Giganews I*) .................... passim

*Robinson v. Lopez*,
　　No. 03-3732, 2003 WL 23162906 (C.D. Cal. Nov. 24, 2003) ...................... 1

*Starbuzz Tobacco, Inc. v. Gold Star Tobacco, Inc.*,
　　No. SACV 19-408 JFS (DFMx), 2020 WL 3051359 (C.D. Cal. Apr. 16, 2020) ............................................................................................... 4

*T-Peg, Inc. v. Vt. Timber Works, Inc.*,
　　669 F.3d 59 (1st Cir. 2012) ................................................................... 7

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
　　No. CV07-5744AHM(AJWX), 2010 WL 1407316 (C.D. Cal. Apr. 6, 2010) ................................................................................................. 3

*VHT, Inc. v. Zillow Group, Inc.*,
　　918 F.3d 723 (9th Cir. 2019) ................................................................. 2

*Zuma Press, Inc. v. Getty Images (U.S.), Inc.*,
　　845 F. App'x. 54 (2d. Cir. 2021) ............................................................. 3

This is exactly the kind of case that warrants an award of attorneys' fees to a prevailing defendant under the Copyright Act. MGPI refused to verify its takedown requests or mention them to Fandom's General Counsel, despite being in direct, frequent contact with him at the time. When Fandom learned of MGPI's notices, it promptly took down all images at issue. Not satisfied, MGPI filed this baseless lawsuit to extract a payment, pursuing three separate unfounded claims. Fandom's counsel explained repeatedly (including before the litigation was filed) the reasons MGPI had no claim under settled case law, but MGPI unreasonably persisted. And when MGPI finally saw what was clear from the beginning—that it could never prove infringement—it trumped up unfounded spoliation accusations to try to circumvent its burden of proof. MGPI's claims ultimately failed in view of established Ninth Circuit law, as it was clear they would from the start. These tactics have consequences under the Copyright Act: an award of attorneys' fees to Fandom to compensate it for defending itself on the merits and deter MGPI and others from similar future conduct.

## I.     FANDOM SHOULD BE AWARDED ITS FEES AND COSTS

MGPI concedes that Fandom is the prevailing party. Opp. at 9. MGPI's opposition fails to overcome Fandom's showing that the *Fogerty* factors warrant a fee award. Indeed, "courts have awarded costs for copyright claims based on a single [*Fogerty*] factor." *Robinson v. Lopez*, No. 03-3732, 2003 WL 23162906, at *2 (C.D. Cal. Nov. 24, 2003); *see Perfect 10, Inc. v. Giganews, Inc.*, (*"Giganews I"*), No. CV 11-07098-AB SHX, 2015 WL 1746484, at *7 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017). Each factor strongly favors a fee award.

### A.     Fandom Completely Succeeded on the Merits

MGPI tries to downplay Fandom's resounding victory on the merits as a win on "narrow grounds on a novel question." MGPI is wrong. *First*, Fandom did not win on a narrow "threshold" question, as MGPI claims. Opp. at 9. MGPI mischaracterizes the Court's summary judgment order as having "rested on a hotly

contested threshold question" of "whether MGPI's Notices satisfied the DMCA," referencing liability as an afterthought. *Id.* This is emblematic of MGPI's misguided framing of this case, which never turned on the DMCA safe harbor defense. Rather, for MGPI's core claim, the question was whether Fandom had the requisite knowledge for contributory infringement. This was not a threshold question but a core element of MGPI's contributory infringement claim. The Court adjudicated this question in Fandom's favor. *Id.* at 6–7.

The cases MGPI cites do not support its argument. *See Fantasy, Inc. v. Fogerty* ("*Fogerty II*"), 94 F.3d 553, 560 (9th Cir. 1996) (describing technical defenses such as statute of limitations and copyright registration requirements); *Baldy v. MGA Ent., Inc.*, No. 5:21-CV-01938-SSS-KKX, 2023 WL 12047204, at *2 (C.D. Cal. Dec. 18, 2023) (voluntary dismissal). Fandom did not prevail on a procedural, technical, or threshold defense. MGPI also cites cases where courts awarded prevailing defendants' attorneys' fees in circumstances like those here. *See* Opp. at 9 (citing *Fogerty II*, affirming fee award for prevailing defendant on direct infringement claim and *DuckHole Inc. v. NBCUniversal Media LLC*, No. CV-12-10077-BRO, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013), awarding fees to a defendant that won a motion to dismiss on merits question of similarity).

*Second*, MGPI's argument that the case raised "a novel statutory interpretation question" under the DMCA also fails. Opp. at 10. MGPI's claim never hinged on interpretation of the term "receipt" under DMCA, nor has MGPI ever claimed before now that it did. Rather, MGPI's contributory infringement claim centered on whether (1) Fandom had actual knowledge of specific infringements of the Asserted Images or (2) was willfully blind to such specific infringements. These are not novel questions, but classic contributory infringement inquiries established in longstanding precedents. Dkt. 87 ("Order") at 5 (reciting standards from *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) and *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013)).

Nor do the facts here make these questions "novel" in any way. The details of Fandom's verification system had no bearing on the Court's consideration of whether Fandom had actual knowledge of infringement of the Asserted Images. What mattered was that "no one at Fandom reviewed MGPI's [notices]" and the evidence showed "that Fandom did not possess actual knowledge regarding infringement of the Asserted Images." Order at 6. Similarly, the Court did not have to consider novel questions in its willful blindness analysis. *Id.* at 6–7. It simply applied longstanding precedent confirming that willful blindness requires deliberate acts to avoid knowledge of infringement. *Id.* No matter how the verification step was configured, Fandom implemented it "due to spam attacks, not as a 'deliberate action[] to avoid learning about the infringement." *Id.* (quoting and citing *Luvdarts*, 710 F.3d at 1073). And even if the Court *had* reached the DMCA safe harbor defense—which it never needed to do—that raises no novel issues either. *See* Dkt. 41-1 ("Fandom MSJ") (establishing Fandom's qualification for safe harbor).

The cases MGPI cites do not support its arguments. In *Zuma Press, Inc. v. Getty Images (U.S.), Inc.*, the Second Circuit affirmed denial of a fees award to a defendant. 845 F. App'x. 54, 59–60 (2d. Cir. 2021). There, plaintiffs' claim for alteration of their copyright management information under section 1202(b)(3) of the DMCA "turned on the DMCA's double-scienter requirement," which the Second Circuit had not construed in a precedential opinion. *Id.* Unlike in *Zuma*, the issues here concerned well-established elements of a contributory infringement claim, not statutory interpretation issues of first impression. Likewise, in *UMG Recordings, Inc. v. Veoh Networks Inc.*, the district court denied an attorneys' fees motion because "the issue on which [the court's] ruling hinged had not been definitively addressed by an appellate court." No. CV07-5744AHM(AJWX), 2010 WL 1407316, at *2 (C.D. Cal. Apr. 6, 2010). Here, the Court entered summary judgment for Fandom based on longstanding contributory infringement precedent, not novel issues of liability, let alone the DMCA. This factor strongly favors fees.

### B. MGPI's Positions Were Objectively Unreasonable and Frivolous

MGPI fails to overcome the evidence of its objectively unreasonable and frivolous positions throughout the litigation. Courts have awarded attorneys' fees to prevailing defendants even where claims were found to be objectively reasonable and non-frivolous. *See, e.g., Fogerty II*, 94 F.3d at 556-60 (affirming a fees award to prevailing defendant even where plaintiff "conducted a 'good faith' and 'faultless' lawsuit upon reasonable factual and legal grounds"); *Giganews I*, 2015 WL 1746484, at *8-11 (awarding fees to copyright defendant where plaintiff's claims were neither frivolous nor objectively unreasonable); *Starbuzz Tobacco, Inc. v. Gold Star Tobacco, Inc.*, No. SACV 19-408 JFS (DFMx), 2020 WL 3051359, at *3 (C.D. Cal. Apr. 16, 2020) (same); *Johnson v. Storix, Inc.*, 716 Fed. Appx. 628, 631 (9th Cir. 2017). But here, MGPI's unreasonable conduct favors a fee award.

MGPI first argues that its conduct was not objectively unreasonable because it had a good-faith belief that Fandom had failed to satisfy the DMCA safe harbor requirements. Opp. at 11. Again, this is irrelevant to whether MGPI had a reasonable, good-faith basis to allege *infringement*—it did not. From the start, MGPI has had a myopic focus on the DMCA, without any regard to Fandom's lack of liability. *See, e.g.*, Dkt. 43-22 (correspondence repeatedly invoking Fandom's alleged "loss" of the safe harbor and ignoring Fandom's lack of knowledge of the alleged infringement); Dkt. 1 Compl. ¶¶ 34, 41 (wrongly suggesting Fandom's alleged loss of safe harbor protection made it liable for infringement); Dkt. 63 (MGPI MSJ Opp.) at 1 (framing issue as whether Fandom could be shielded from liability for allegedly failing to meet the DMCA safe harbor requirements). The Opposition is no different. MGPI continues to ignore that the *DMCA safe harbor does not create liability*. And as to liability, MGPI's claim never held water because Fandom had no knowledge of specific infringements. MGPI thus "should have known from the outset that its chances of success in this case were slim to none." *Giganews I*, 2015 WL 1746484, at *11 (internal quotations omitted).

MGPI's argument that the case raised novel issues about the DMCA likewise fails. Again, even if the case did raise novel issues under the DMCA—it did not—the Court never needed to reach those issues because Fandom's lack of liability was clear from the start. Fandom's summary judgment motion, based on ample evidence and application of well-settled law, showed that Fandom met all safe harbor requirements. *See* Fandom MSJ at 14–21; Dkt. 72 at 9–12. Fandom's verification step for combatting severe spam does not upend its clear compliance with the DMCA safe harbor requirements. Indeed, before this lawsuit, Fandom had never received a single complaint about the verification step or had any reason to believe it had ever missed a valid DMCA notice because of that step. Dkt. 43 ¶ 24.

Finally, MGPI took other unreasonable positions and tactics throughout the litigation. MGPI asserted direct and vicarious infringement claims without basis and forced Fandom to litigate them. Opp. at 14. MGPI claims the law permitted it to explore those theories in discovery, but its sparse allegations in the complaint—including that users had uploaded the Asserted Images—provided no basis even for that. MGPI's claim that it pursued those claims only through "minimal discovery" is also disingenuous. *Id.* MGPI failed to dismiss the claims until after six months of facto discovery and only seven weeks before fact discovery closed. Dkts. 24, 40. By then, Fandom had expended resources pursuing written discovery and deposing MGPI to defeat those claims. Reply McHale Decl. ¶ 3. MGPI did not dismiss the claims of its own accord, but only after Fandom made clear it would seek summary judgment on both. *Id.*; McHale Decl. ¶ 8, Ex. 2. MGPI similarly made Fandom pursue discovery on its equally meritless claim for actual damages. *Id.* ¶ 9.

MGPI also does not explain its refusal to accept or even test easily verifiable facts. Even though Fandom immediately removed the images after learning of them, MGPI refused to drop its claim. Dkt. 43-22. It then refused to take any steps to confirm the accuracy of its allegation and repeated representations to the Court that Fandom's verification step required creation of an account, not just a mere click

FANDOM, INC.'S REPLY ISO MOTION
FOR ATTORNEYS' FEES & COSTS       - 5 -       CASE NO. 2:24-cv-05963-MWC-BFM

on a link—even after unequivocal sworn deposition testimony by Fandom. McHale Decl. ¶ 10. MGPI thus refused to take even the most basic steps to investigate its own allegations, contrary to its Rule 11 obligations. McHale Decl. ¶ 10.

Finally, MGPI pursued baseless motions when it became clear it could not prevail on the merits of its claim. It accused Fandom of spoliation, which Magistrate Judge Mircheff rejected. McHale Decl. ¶ 11, Exs. 3–4.[1] And MGPI has now filed a motion for reconsideration of the Court's summary judgment order, without basis. *See generally* Dkt. 104. This factor strongly favors a fee award.

### C. MGPI's Improper Motive Warrants a Fee Award

MGPI cannot credibly claim that its motive for this lawsuit was "to protect the value of its copyrighted images" because the record shows but the opposite. Opp. at 15. First, Mr. Grecco never mentioned MGPI's notices for the Asserted Images to Fandom's General Counsel despite being in direct and frequent contact with him at the time MGPI sent the notices and despite having contacted him directly to resolve prior unrelated matters. Dkt. 43 ¶¶ 29–34.[2] It is undisputed that Fandom removed the images immediately upon learning of them, eliminating any need for MGPI to sue and remove them. These facts thus undermine Mr. Grecco's claim that MGPI pursued this litigation—like other litigation—in response to a platform's failure to remove infringing images. Dkt. 107 ¶ 3. And contrary to MGPI's unsupported claim, Fandom did not make any money from the Asserted Images. Dkt. 43 ¶ 44. Nor did MGPI produce any evidence of the present value of the asserted images or a computation of actual damages. MGPI's motive for pursuing *this* lawsuit, setting aside its others, is thus clear: to make Fandom pay.

---

[1] MGPI's references to sanctions are deliberately misleading. Opp. at 2, 16, 24 – 25. Magistrate Judge Mircheff largely *denied* MGPI's discovery motion, concluding Fandom had not engaged in spoliation or failed to comply with its initial disclosure obligations. *See* Dkt. 90. And while she was willing to award MGPI costs for seeking documents from Zendesk, MGPI never pursued those costs. Dkt. 103.

[2] Mr. Grecco cannot claim he did not know about the notices to Fandom when they were sent, since he testified he approves "every case" before notices go out and was copied on each of these underlying notices. Dkt. 75-3 at 37:15-19; Dkts. 1-1–1-30.

MGPI's remaining arguments likewise fail. That MGPI has not yet been found to be objectively unreasonable or have an improper motive is irrelevant, particularly since most of its lawsuits result in settlement or default judgment. Dkt. 42 ¶¶ 8–11. Nor does Mr. Grecco's conclusory statement that he brought this lawsuit to protect his copyrights counsel against fees. His claim is belied by his previous statements and MGPI's previous conduct here. MGPI wanted to extract a "pre-litigation rate" settlement from Fandom, and when it could not do so, it sued to "school" Fandom. Dkt. 43-22. This is not the conduct of a party that seeks solely to protect and promote copyrights. If what MGPI really wanted was to protect its copyrights, it achieved that with a simple email to Fandom resulting in the prompt removal of MGPI's images before any lawsuit. MGPI's unreasonable pursuit of this case even after Fandom's action shows its true motive and favors a fee award.

### D. A Fee Award Will Deter MGPI, Not Chill Legitimate Enforcement Efforts

The Court has broad discretion to award Fandom its fees to deter MGPI without any finding of bad faith. *See Fogerty II*, 94 F.3d at 553; *T-Peg, Inc. v. Vt. Timber Works, Inc.*, 669 F.3d 59, 62 (1st Cir. 2012). Rather, fees can be awarded for the purpose of "discouraging overly aggressive litigation tactics and encouraging parties 'to litigate in a more responsible, realistic manner.'" *Id.* (internal quotation and citation omitted). A fee award here will serve the purposes of the Copyright Act by compensating Fandom and deterring MGPI's overreach.

MGPI argues that it should not suffer a "chilling effect" from a fee award because it is purportedly a small business trying to protect its copyrights. This argument fails because, as the court recognized of the plaintiff in *Giganews I*, MGPI is "not a "starving artist" in need of protection from an award of attorneys' fees. 2015 WL 1746484, at *12. Rather, "it is a serial plaintiff operating on a self-proclaimed business model of litigation." *Id.*; Mot. at 3 (detailing MGPI's litigation business model and citing Dkt. 42 ¶¶ 9–11; Dkts. 42-7–42-9; Dkt. 42-2 at 3:19–20,

33:23–24, 34:2, 34:4). While MGPI protests that its business depends on enforcing its rights, that purported need does not give it carte blanche to do so unreasonably. A party that files baseless lawsuits cannot complain about the fees it forces a defendant to incur by defending against those baseless claims. In making this argument, MGPI ignores an equally important goal of the Copyright Act and the fees awards permitted by it: compensating defendants like Fandom for pursuing meritorious defenses. That policy consideration strongly favors a fee award here. In sum, all *Fogerty* factors warrant an award of Fandom's fees and costs.

## II. THE FEES AND COSTS FANDOM SEEKS ARE REASONABLE

MGPI does not argue that Fandom's attorney rates are unreasonable. *See generally* Opp. at 20. Nor could it, since its own counsel's rate is similar to or significantly higher than the multiple timekeepers for Fandom's counsel. Reply McHale Decl. ¶ 4, Ex. 18 (showing $825 hourly rate). The Court should therefore adopt the full rates of Fandom's counsel in determining the amount of fees awarded to Fandom. Each of MGPI's arguments that Fandom's fees should be reduced fail.

### A. Fandom Amply Supported its Fee Request

The Court should reject MGPI's argument that Fandom did not adequately support its fees request. Opp. at 20. With its uncontested hourly rates, Fandom submitted a sworn declaration from its lead counsel establishing the number of hours worked and work performed, along with time records. This is sufficient under Ninth Circuit law. *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) ("minimal" descriptions sufficient to support an award of attorneys' fees if "they establish that the time was spent on the matters for which" the party seeks fees); *Giganews I*, 2015 WL 1746484, at *26 (attorney declaration attaching time records sufficient).[3]

---

[3] That Fandom's counsel performed work while Ms. McHale was on maternity leave is irrelevant, since she gained extensive familiarity with that work upon her return, Reply McHale Decl. ¶ 5. Nor does it undermine the foundation for the time records derived from the firm's billing system. Nonetheless, to rebut this unfounded argument, Fandom submits a corroborating declaration from Jennifer Kelly.

FANDOM, INC.'S REPLY ISO MOTION
FOR ATTORNEYS' FEES & COSTS    - 8 -    CASE NO. 2:24-cv-05963-MWC-BFM

There is no authority supporting MGPI's proposition that each attorney who worked on the case had to submit a declaration attesting to their work. Courts routinely grant fee awards, including for parties represented by Fandom's counsel, based upon submissions like those Fandom provides here. *Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*, No. 21-CV-06536-EMC, 2024 WL 3697030, at *6 (N.D. Cal. Aug. 6, 2024) (plaintiff "met its burden to document its time worked with supporting evidence" in the form of "complete record of time entries for the timekeepers on the case" attached to one attorney declaration); *Giganews I*, 2015 WL 1746484 (awarding $5.2 million to defendant based on attorney declaration attesting to work performed by 17 lawyers and 4 paralegals). Nor do the decades-old, out-of-circuit district court cases MGPI cites and mischaracterizes support its proposition. *See Johnson v. Kay*, 742 F. Supp. 822, 837 (S.D.N.Y 1990) (explaining only that reconstructed timesheets are generally not permitted and that contemporaneous time records are a prerequisite—which Fandom provided here); *Cablevision Sys. N.Y.C. Corp. v. Diaz*, 01 Civ. 4340 (GEL)(FM), 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002) (providing only that a fee request must be supported by contemporaneous time records showing "for each attorney, the date, the hours expended, and the nature of the work done"—which Fandom provided here). *Id.* at *5. Fandom's evidence adequately supports its fee request.

### B. The Court Should Reject Defendants' Second-Guessing of the Strategy, Staffing, and Judgment of Fandom's Attorneys

The Court should reject MGPI"s shotgun arguments that Fandom's billing records show excessive time, duplication, or work that could or should have been done by fewer lawyers. Opp. at 21–22. A court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Moonbug*, 2024 WL 3697030, at *7 (declining to second guess Fandom's counsel's winning strategy in a copyright case).

Fandom's staffing and work performed on this matter were reasonable. Fandom seeks fees for work performed by six attorneys and a single paralegal—not "eight (8) lawyers," as MGPI claims. Opp. at 22. MGPI also ignores Fandom's explanation of its staffing of this case as described in the McHale Declaration submitted with Fandom's motion. Ms. McHale and Ms. Kelly oversaw case management over the life of the case. Kelly Decl. ¶ 6. During Ms. McHale's maternity leave, another attorney, Ms. Tung, led and managed fact discovery, with discrete support as needed from a junior attorney. *Id.* Fandom used other attorneys for discrete support as needed, including defense of Fandom's deposition by Mr. Tyz, the firm's founder, and discovery and research support from junior attorneys. *Id.*; McHale Decl. ¶¶ 16, 19–20. MGPI's quibbling with the strategy and professional judgment of Fandom's attorneys is irrelevant and does not detract from their success or reasonable work performed to achieve it. *Moonbug*, 2024 WL 3697030, at *7.

MGPI's suggestion that it counsel performed all work with one lawyer is also disingenuous. Mr. Bryan Hoben, who has inexplicably never appeared before the Court, represented MGPI throughout this case, participating in every communication, deposition, hearing, and the mediation. McHale Decl. ¶ 13. His presence as a second lawyer on every single meet and confer makes MGPI's complaint of two lawyers for Fandom attending some (not all) of those calls particularly remarkable. Nor has MGPI submitted any proof of its claim that Mr. Hoben, who works at a different law firm in another state, did not bill plaintiff for any of his time.[4] Further, during summary judgment briefing and pretrial, MGPI added two other lawyers to its team (with three total lawyers attending the May 12

---

[4] MGPI also fails to explain why Mr. Hoben's extensive participation in this case was not unauthorized practice of law in California. *Cf. Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-CV-03089-PHK, 2025 WL 917110, at *2 (N.D. Cal. Mar. 26, 2025) (sanctioning out-of-state lawyers not barred in California for failing to seek *pro hac vice* admission in case). Fandom's counsel are all barred in California.

discovery hearing and participating in the pre-trial conference of counsel, compared to Fandom's one), with a fifth attorney appearing just this month. Given these facts, the Court should reject MGPI's complaints regarding Fandom's reasonable staffing.

### C. Fandom's Time Entries are Sufficiently Detailed

The Court should also reject MGPI's argument that Fandom's billing entries are too vague. *See* Opp. at 23. Fandom is "not required to record in great detail how each minute of [its] time was expended." *Garcia v. Resurgent Cap. Servs., L.P.*, No. 11-CV-01253, 2012 WL 3778852, at *8 (N.D. Cal. Aug. 30, 2012) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)). Rather, Fandom "met its burden by simply listing [its] hours and identify[ing] the general subject matter of [its] time expenditures." *Id.* (internal quotation omitted); *Hensley v. Echhart*, 461 U.S. 424, 437 n. 12 (1983). The entries MGPI challenges, like "prepare for hearing on discovery motion," "research [REDACTED]," and "consider document production strategy" all clearly identify the general subject matter of the work performed.[5] *Moonbug*, 2024 WL 3697030, at *7 (finding billing descriptions such as "prepare and produce documents," "review documents," and "trial preparation and strategy" reasonable); *Parkridge Ltd. v. Indyzen, Inc.*, No. 16-CV-07387, 2020 WL 9422351, at *5 (N.D. Cal. May 8, 2020) ("research relevant authorities re [REDACTED]" was not too vague). MGPI also fails to cite a single example of block billing, and there are none.

### D. Fandom's Time Spent on the Case Was Otherwise Reasonable

MGPI provides no other legitimate reason to discount or reduce a fee award to Fandom based on hours spent on the case. For example, MGPI complains that Fandom worked more hours in the case but ignores that Fandom moved for summary judgment and MGPI did not. MGPI also ignores that it likely benefited from and used work done in its many other copyright litigations. *Giganews I*, 2015

---

[5] If it would aid the Court's consideration of the motion, Fandom can submit an unredacted version of its time records (redacted for privilege) for *in camera* review.

WL 1746484, at *22. It also ignores that Fandom's time spent on the case was driven up by MGPI's tactics, including opposing its baseless accusations of spoliation. There is no support for MGPI's claim that Fandom should not be permitted to recover fees incurred against that claim, which the Court rejected. Dkt. 90. MGPI's objections to "excessive" billing similarly fall flat. For example, it is not unreasonable to bill 7.5 hours for a deposition that lasted 6 hours, let alone breaks, preparation, and follow-up. Dkt. 106-3 at 1. Moreover, not all the work that Fandom's counsel performed was billed or sought in the Motion, further showing the reasonableness of Fandom's request. McHale Decl. ¶ 23; Reply Kelly Decl. ¶ 7. Fandom's counsel's hours are thus reasonable. Indeed, courts have awarded fees to copyright defendants that prevailed on summary judgment for far greater hours. *Giganews I*, 2015 WL 1746484, at *22 (11,125.5 hours worked). The Court should award Fandom fees for all hours sought.

### E. Fandom's Request for Costs is Reasonable and Supported

Fandom should be awarded the full costs it seeks. MGPI does not contradict the case law awarding the costs Fandom seeks, but quibbles on the details. The ESI expenses Fandom incurred were reasonable (and in fact low), and a result of the unusable format of MGPI's productions. McHale Decl. ¶ 28. Fandom's expenses for video depositions were reasonable given their potential use at trial and are recoverable. Reply McHale Decl. ¶ 6, Mot. at 20. Transcript costs are likewise recoverable. *Id.* Finally, Fandom's travel costs are reasonable, particularly when MGPI's counsel also came from out-of-state. *Id.*; Reply McHale Decl. ¶ 6.

## III. ADDITIONAL FEES SINCE FILING OF FEES MOTION

Fandom requests additional fees of $47,622.50 for work not accounted for in its original request performed through June 26, 2025, and reserves the right to seek additional fees after the filing of this reply. Reply McHale Decl. ¶ 2, Ex. 17. Fandom therefore respectfully requests that the Court award a total of $665,904.04 ($618,281.54 in its original request plus $47,622.50).

|   |   |
|---|---|
| | Respectfully submitted,<br>TYZ LAW GROUP PC |
| Dated: June 27, 2025 | */s/Ciara McHale*<br>Ciara McHale |
| | Attorneys for Defendant<br>Fandom, Inc. |