Case 2:24-cv-05963-MWC-BFM    Document 112-4    Filed 06/27/25    Page 1 of 4    Page ID #:3824

JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
Fandom, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FANDOM, INC. and DOES 1-100, inclusive, <br><br> Defendant. | Case No: 2:24-cv-05963-MWC-BFM <br><br> **DECLARATION OF JENNIFER KELLY IN SUPPORT OF DEFENDANT FANDOM, INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Date: July 11, 2025 <br> Time: 1:30 pm <br> Courtroom: 6A <br><br> Complaint Filed: July 16, 2024 |

I, Jennifer Kelly, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and the Central District of California. I am an attorney at the law firm of Tyz Law Group PC, attorneys for Defendant Fandom, Inc. in this action. I have personal knowledge of the matters set forth in this declaration in support of Fandom's reply in support of its motion for attorneys' fees and costs and, if called to testify as a witness, would testify competently and under oath to the same.

2. I have represented Fandom in this dispute from its inception, including during the pre-litigation phase.

3. As my colleague, Ciara McHale, explained in her declaration in support of Fandom's motion for fees, (Dkt. 94-3, the "McHale Declaration"), I have 28 years of experience representing clients in the technology and entertainment sectors, with an emphasis on copyright matters. My experience is further detailed in Paragraph 17 of the McHale Declaration.

4. Given this experience, my role and time in this case has focused on guiding and developing strategy on all aspects of the case and reviewing and advising on discovery and motion practice. I have overseen management of this case over its lifetime, along with Ms. McHale, including while Ms. McHale was out on maternity leave.

5. I have reviewed Plaintiff's opposition to Fandom's motion for its attorneys' fees and costs and the supporting declarations submitted with the opposition. Dkts. 105, 106, 107. I reviewed in particular MGPI's following argument challenging the evidence Fandom submitted in support of its fees request:

> [Fandom] submitted just a single declaration from one attorney—Chicago-based attorney Ms. McHale—who did not work on the case from late September 2024 through the start of February 2025, 4 out of the 8 months of discovery. Ms. McHale purported to attest based on her "personal knowledge" all hours spent and all billing records by five other attorneys and a $325/hour paralegal that did administrative work—including 4 months when she was on leave. She also provided the professional bona fides of every other biller and a summary of their primary role—again, even for the period when she was on leave. Ms.

McHale's declaration is devoid of foundation for all but her own time entries.

I believe this argument to be unfounded.

6.   I supervised all work on this case throughout the time that Ms. McHale was on maternity leave (from late-September to late-January), and can confirm that Ms. McHale's declaration is completely accurate in its description of the hours spent, work performed, and roles of our colleagues during that period (and outside it). From the beginning of the case, Ms. McHale, given her litigation and trial experience, oversaw the litigation with me and managed all aspects of the case, appearing as lead counsel. During Ms. McHale's maternity leave, our colleague, Chieh Tung, assumed the responsibilities Ms. McHale had, including without limitation development of case strategy and day-to-day management of the case through the fact discovery period, with discrete support from a junior attorney. Our team has also leveraged other (more junior) attorneys for discrete support as needed, including for discovery (particularly in Ms. McHale's absence) and for research.

7.   I also note and disagree with Plaintiff's argument that the McHale Declaration "[g]ratuitously" "claims duplicative entries were culled." In my role at Tyz Law Group, I oversee all aspects of client engagement and billing, including careful and thorough review of time entries both throughout and at the end of each month before invoices are issued to our clients, and did so with respect to every invoice sent to Fandom in connection with this matter. I can therefore confirm the accuracy of the McHale Declaration's description of the firm's practice of reviewing these records to remove and/or reduce time entries before they appear on a client invoice as appropriate, including for example to reduce duplicative work, inefficiencies, and other similar culling. I personally engaged in this review and removal/reduction process for each invoice our firm issued to Fandom in this matter. As one example, I generally removed or reduced entries for time spent on duplicative work like reviewing case materials where other team members actively

working on the case or a task were already up to speed, since that kind of work assists our team in being more efficient but, in my view, should not be billed to the client. In my time spent helping with preparation of Fandom's motion for attorneys' fees, I also assisted in the further review of our time records in this case (including reviewing every single time entry billed to the client), as described in the McHale Declaration, to further cull time as part of ensuring Fandom's fee request was reasonable.

8. Before the McHale Declaration was filed, I carefully reviewed it in its entirety and confirmed that it comported with my own personal knowledge in all respects. It does.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 27, 2025.

                                       */s/Jennifer Kelly*
                                       Jennifer Kelly

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)**

I, Ciara McHale, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing of this document. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 27, 2025.

                                       */s/Ciara McHale*
                                       Ciara McHale