UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-05963 MWC (BFMx)                                Date: July 9, 2025

Title    Michael Grecco Productions, Inc. v. Fandom, Inc.

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | No Reporter |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: N/A    Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) Order DENYING Plaintiff's motion for reconsideration (Dkt. 96) and DENYING Defendant's motion for attorney fees and costs (Dkt. 94)**

There are two matters before the Court. First, Plaintiff Michael Grecco Productions, Inc. ("MGPI") filed a motion for reconsideration of the Court's summary judgment ruling. Dkt. # 96 ("*Recon. Mot.*"). Defendant Fandom, Inc. ("Fandom") opposed, Dkt. # 104 ("*Recon. Opp.*"), and MGPI replied, Dkt. # 113. Second, Fandom filed a motion for attorney fees and costs. Dkt. # 94 ("*Fees Mot.*"). MGPI opposed, Dkt. # 105 ("*Fees Opp.*"), and Fandom replied, Dkt. # 112. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** MGPI's motion for reconsideration and **DENIES** Fandom's motion for attorney fees and costs.

I.    Background

Fandom is a fan-driven entertainment and gaming platform. Dkt. # 79 ("*UF*"), ¶ 1. Fandom users submit and share information about games, television shows, movies, pop culture, and more on Fandom's individual websites on the platform, which are called "wikis." *Id.* ¶ 2. Using the wikis, Fandom's users can create and edit content on the platform. *Id.* Much of the content on Fandom's platform is user-generated, meaning that it is uploaded to the platform by and stored on the platform in the direction of users. *Id.* ¶ 3.

In this lawsuit, MGPI alleged Fandom was liable for copyright infringement due to images uploaded to the Fandom platform (the "Asserted Images"). *See generally* Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-05963 MWC (BFMx) | Date: July 9, 2025 |
| Title | Michael Grecco Productions, Inc. v. Fandom, Inc. | |

# 1.  MGPI owns the Asserted Images, and each were registered to the United States Copyright Office.  Dkt. # 78 ("*DF*"), ¶ 45.  It is undisputed that the Asserted Images were uploaded to Fandom by users of the Fandom platform, not by Fandom itself.  *UF* ¶ 4.

Between November 2023 and April 2024, MGPI sent thirty emails to Fandom's designated agent for receiving copyright infringement complaints, copyright@wikia.com, with notifications of claimed infringement for the Asserted Images (the "Takedown Requests").  *Id.* ¶ 8 (noting the Takedown Requests had the subject line: "Copyright Infringement Notice").  In response to each of the Takedown Requests, MGPI received an automated response ("Automated Response").  *Id.* ¶ 9; *see, e.g.*, Dkt. # 67 ("*Grecco Decl.*"), ¶ 2, Ex. 1, 14 ("*Auto Response*").  The Automated Response had an email subject line of "Fandom welcome email" and stated:

> Welcome to Fandom Support!  To help assist you, please click the link below to create a password and sign-in.
>
> Note that this account is separate to your Fandom account, and we may not be able to assist you until you click this link to verify the request.

*UF* ¶ 9; *Auto Response*.  The bottom of the email provided the link necessary to verify the request.  *UF* ¶ 9; *Auto Response*.

Fandom's general counsel, Desmond Cussen ("Mr. Cussen"), described this verification system in a declaration, stating: "[a] person submitting a takedown notice to Fandom by email or webform only has to click the link in the automated response they receive to verify and complete submission."  Dkt. # 43 ("*Cussen Decl.*"), ¶ 21.  If an electronic submission is not verified by the sender, it will instead "go into a suspension queue" (akin to a spam folder), where the submission will remain for fourteen days before being automatically deleted.  *Id.*; *UF* ¶ 15.  Fandom originally implemented the verification system in July 2023 after experiencing serious problems with high-volume spam attacks on its various support email addresses.  *UF* ¶ 10; Dkt. # 66-3 ("*Bartolomei Depo.*"), 167:3–168:11; Dkt. # 74 ("*Marbulcanti Reply Decl.*"), ¶ 5.  MGPI disputes which email address experienced the spam attacks; however, MGPI does not dispute that "Fandom implemented a new Zendesk spam filter in July of 2023 *because* the primary source of spam was the Fandom webform."  *UF* ¶ 10 (emphasis added).  In other words,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-05963 MWC (BFMx) | Date: July 9, 2025 |
| Title | Michael Grecco Productions, Inc. v. Fandom, Inc. | |

MGPI does not dispute that Fandom implemented its verification system because of spam. *See id.*

As to the Takedown Requests in this case and the resulting Automated Responses, MGPI states that it did not click on any of the verification links in the Automated Responses because it "objected to registering for an account, creating a password or attempting to sign-in to Fandom as a user over concern of being bound by Fandom's Terms of Use." DF ¶ 62; *Grecco Decl.* ¶ 11.  Fandom therefore never reviewed the Takedown Requests as the emails were routed to the "suspension queue," which Fandom does not have a practice of reviewing.  DF ¶¶ 80–81; UF ¶ 15.  The Takedown Requests remained in the suspension queue before being automatically deleted within 14 days.  UF ¶ 15.

On May 18, 2024, MGPI's CEO, Michael Grecco ("Mr. Grecco"), emailed Mr. Cussen (Fandom's general counsel) about the Takedown Requests regarding the Asserted Images.  *Id.* ¶ 17; DF ¶ 49.  Prior to that May 18, 2024 email, there is no evidence that anyone at Fandom reviewed, or otherwise knew about, the Takedown Requests.  *See* UF ¶ 18.  In his declaration, Mr. Cussen (who oversaw legal matters, including Fandom's copyright policies since 2015) states: "Before receiving Mr. Grecco's email, I was not aware of any claim made by Mr. Grecco relating to infringement of the Asserted Images on the Fandom platform.  After conducting a thorough investigation, I am also not aware of anyone else at Fandom being aware of Mr. Grecco's infringement claims for the Asserted Images before I received his May 18, 2024 email." *Cussen Decl.* ¶¶ 2, 37.  In addition, Mr. Cussen notes that he "remain[s] surprised that Mr. Grecco never mentioned these [Takedown Requests] to me in early 2024 because we had previously resolved such issues . . . . [W]e were also in direct and frequent contact during this same time frame, in early 2024." *Id.* ¶ 37.  After receiving the May 18, 2024 email, Mr. Cussen responded to Mr. Grecco the following business day (Monday, May 20, 2024) and informed Mr. Grecco that the Fandom "team has no record of receiving [the Takedown Requests]" and that the Asserted Images, which "were uploaded by end user," have since "been removed in response to your email." *Cussen Decl.*, Ex. 21.

On July 16, 2024, MGPI filed this copyright infringement lawsuit.  Dkt. # 1. MGPI dismissed its direct copyright infringement and vicarious copyright infringement claims, leaving only a contributory copyright infringement claim at issue.  Dkts. # 39–40.  On March 28, 2025, Fandom filed a motion for summary judgment.  Dkt. # 41.  On May

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05963 MWC (BFMx)                                         Date: July 9, 2025

Title     Michael Grecco Productions, Inc. v. Fandom, Inc.

9, 2025, the Court granted Fandom's motion for summary judgment ("MSJ Order").  Dkt. # 87 ("*MSJ Order*").  On May 23, 2025, Fandom filed a motion for attorney fees and costs.  *Fees Mot.*  On May 27, 2025, MGPI filed a motion for reconsideration of the Court's MSJ Order.  *Recon. Mot.*

II.     Motion for Reconsideration

   A.     Legal Standard

The Local Rules and Federal Rules of Civil Procedure govern motions for reconsideration.  Under Local Rule 7-18, a motion for reconsideration can be based on any one of three grounds: (1) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered;" (2) "the emergence of new material facts or a change of law occurring after the Order was entered;" or (3) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  L.R. 7-18.  However, no reconsideration motion "may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."  *Id.*

Federal Rule of Civil Procedure ("Rule") 59(e) allows a district court "considerable discretion" when determining whether to amend its judgment.  *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  Absent "highly unusual circumstances," relief under Rule 59(e) is appropriate only where (1) the moving party presents newly discovered evidence to the court; (2) the court committed clear error; or (3) there is an intervening change in the controlling law.  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier."  *Wells Fargo Bank, N.A.*, 979 F.3d at 1209 (citation omitted).

   B.     Discussion

MGPI forwards five arguments in its motion for reconsideration.  The Court will address each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05963 MWC (BFMx)                                    Date: July 9, 2025

Title  Michael Grecco Productions, Inc. v. Fandom, Inc.

     First, MGPI argues the Court improperly weighed credibility and evidence at summary judgment by accepting that spam mitigation, not willful blindness, justified Fandom's verification system. *Recon Mot.* 5:9–10. MGPI asserts that "Fandom deliberately routed all unregistered DMCA Requests into an auto-deleting Queue and made an affirmative decision to neither monitor nor preserve those Requests," leading to a factual dispute. *Id.* 5:9–17. However, the Court addressed this argument in its MSJ Order. *See MSJ Order* at 6–7. There is significant evidence that Fandom implemented its verification system to mitigate spam attacks. *See UF* ¶ 10; *Bartolomei Depo.*, 167:3–168:11; *Marbulcanti Reply Decl.*, ¶ 5. In fact, MGPI does not dispute that Fandom implemented its verification system because of spam attacks against Fandom. *See UF* ¶ 10. In contrast, there is no evidence that Fandom implemented its verification system to avoid knowledge of copyright infringement. *See Sonneveldt v. Mazda Motor of Am., Inc.*, No. 8:19-cv-01298-JLS-KES, 2023 WL 2292600, at *5 (C.D. Cal. Feb. 23, 2023) ("Speculation and conjecture are insufficient to defeat summary judgment." (citation omitted)).

     Second, MGPI argues the Court misapplied the willful blindness standard by requiring direct evidence of actual knowledge. *Recon. Mot.* 5:25–9:17. MGPI admits the Court "recited" the correct legal standard but argues the Court misapplied it to the facts. *Id.* 6:16–20. However, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite TV., v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004); *see Aventis Pharms S A v. Amphastar Pharmaceuticals, Inc.*, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) ("[W]hile [defendant] may disagree with the court's application of the facts to the law, there is not 'a manifest showing of a failure to consider material facts' by the court." (citations omitted)). Furthermore, MGPI's reconsideration motion misconstrues the Court's ruling and its analysis of willful blindness.

     Third, MGPI asserts the Court overlooked circumstantial evidence, including that Fandom chose to treat its copyright infringement email the same way as its customer support email—applying a verification filter and not reviewing unverified emails. *Recon. Mot.* 9:19–13:3. Yet, MGPI merely reemphasizes allegations forwarded in its original motion, which the Court previously addressed. *See* L.R. 7-18 (prohibiting reconsideration motions from repeating arguments from original motion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05963 MWC (BFMx)                                                    Date: July 9, 2025

Title       Michael Grecco Productions, Inc. v. Fandom, Inc.

     Fourth, MGPI avers the Court failed to consider Magistrate Judge Mircheff's discovery ruling, which was issued after the Court's MSJ Order.  *Recon. Mot.* 13:5–14:5.  MGPI states that the Magistrate Judge determined Fandom had failed to timely disclose Zendesk as a potential source of evidence and that evidence from Zendesk would be relevant to show MGPI submitted takedown requests.  *Recon. Mot.* 13:8–18.  Yet, the Court's MSJ Order assumed that fact to be true.  *See MSJ Order* at 2 ("MGPI sent thirty emails to Fandom's designated agent for receiving copyright infringement complaints . . . . In response to each of the Takedown Requests, MGPI received an automated response . . . ." (citations omitted)).  Therefore, it is not clear how the Magistrate Judge's later-issued discovery order should have impacted this Court's MSJ Order.  To the extent MGPI disagrees with the Magistrate Judge's discovery ruling due to the Magistrate Judge's reliance on the MSJ Order, MGPI could file a motion to reconsider the discovery ruling.

     Last, MGPI states the Court's MSJ Order determined Fandom "never legally 'received' Plaintiff's DMCA Request" under 17 U.S.C. § 512(c)(3).  *Recon. Mot.* 14:8–16.  However, the Court's MSJ Order did not state such.  *See generally MSJ Order* (noting the Court need not reach the issue of whether Fandom qualifies for safe harbor under the DMCA and not analyzing, or mentioning, 17 U.S.C. § 512).

     Accordingly, the Court **DENIES** MGPI's motion for reconsideration.

III.     Motion for Attorney Fees and Costs

     In copyright cases, attorney fees and costs are not awarded as a matter of course.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 532 (1994).  "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."  *Id.* at 534.  The Court considers whether an award furthers the purposes of the Copyright Act.  *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).  The primary purpose of the Act is to "encourage the production of original literary, artistic, and musical expression for the good of the public."  *Id.* (citations omitted); *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016) (noting the Copyright Act strikes "a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work" (citation omitted)).  The Court's discretion in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05963 MWC (BFMx)                                      Date: July 9, 2025

Title   Michael Grecco Productions, Inc. v. Fandom, Inc.

matter can be guided by "five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180–81 (9th Cir. 2013). The objective reasonableness of the losing party's position is an "important factor" but not a controlling one. *Kirtsaeng*, 579 U.S. at 208. In evaluating a fees request, a court "must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 209. The Court reviews the factors relevant to this case in turn.

As to degree of success, the parties do not dispute that Fandom is the prevailing party in this lawsuit. *See Fees Opp.* 9:4–5. Accordingly, this factor weighs in favor of granting attorney fees and costs.

As to frivolousness and objective reasonableness, although the Court ruled against MGPI on summary judgment, MGPI's case was not frivolous or objectively unreasonable. The Asserted Images were infringing (evidenced by Fandom immediately removing the Asserted Images upon knowledge of their existence), and there is no dispute that MGPI's takedown notices were legally compliant. *See, e.g.*, *Cussen Decl.*, Ex. 21 (discussing the immediate removal of the infringing images). Moreover, MGPI provided case law of the willful blindness standard and asked the Court to apply the willful blindness case law to Fandom's verification system, a new application of this case law. *See* Dkt. # 63, 14:20–15:25. MGPI's pursuit of this case should not be penalized with steep attorney fees and costs, and therefore the factors of frivolousness and reasonableness weigh against granting attorney fees and costs.

As to motivation, Fandom argues MGPI had an improper motive in bringing this lawsuit. *Fees Mot.* 14:10–15:5. Fandom points to MGPI's ninety-one copyright cases filed in this Court and MGPI's business model of pressuring and collecting revenue from copyright settlements. *See id.* 14:25–15:5. Fandom further notes that MGPI chose to implement a company policy of refusing to click the verification link in Fandom's Automated Responses and MGPI refused to send the Takedown Requests to Fandom's legal counsel, even though MGPI had successfully resolved copyright claims via that method in the past and was "in direct contact" with Fandom's legal counsel at the time. *Id.* 15:6–18. Fandom also notes MGPI filed this lawsuit even though Fandom removed the Asserted Images immediately upon actual knowledge. *Id.* 15:14–16. MGPI responds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05963 MWC (BFMx)                                          Date: July 9, 2025

Title     Michael Grecco Productions, Inc. v. Fandom, Inc.

it "has no choice but to vigorously address infringement or else face devaluation of its images" and that "Michael Grecco is an award-winning photographer whose work has unfortunately been repeatedly pirated by sites like Fandom." *Fees Opp.* 16:13–16.  With argument weighing toward both sides, the Court determines Fandom has not established that MGPI filed this lawsuit in bad faith.

The parties mention other factors in this case, including that there is financial disparity between the parties, that awarding fees and costs will deter legitimate rightsholders from enforcing copyrights, that there was sanctionable conduct by Fandom during discovery, and that MGPI repeatedly ignored flaws in its case.  *Fees Opp.* 2:8–14, 17:9–20:6; *Fees Mot.* 16:6–17:10.  After evaluating the circumstances of this case, especially the significant factors of unreasonableness and frivolousness, the Court determines that awarding over $600,000 in attorney fees and costs to Fandom would chill legitimate copyright infringement claims under the Copyright Act.  Accordingly, the Court **DENIES** Fandom's motion for attorney fees and costs.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** MGPI's motion for reconsideration and **DENIES** Fandom's motion for attorney fees and costs.

**IT IS SO ORDERED.**

                                                                                        :
                                                              **Initials of Preparer**        TJ